*Court of Common Pleas, Dauphin County, May 2d,* 1859.

RYAN *v.* CASEY.

It is no cause for setting aside a judgment that there is a variance between the property described in the mortgage and the *scire facias* issued thereon. A sale on a *levari facias* by the sheriff on the Wednesday following the Monday on which the writ was returnable, is not irregular. A mortgagor may set off a judgment held by him against a mortgagee, and a general judgment may be set off against a special judgment *in rem*, but not *vice versa.*

BY THE COURT.—This was a motion to set aside a judgment, *levari facias*, etc. Also, the sheriff's sale, and to set off a judgment held by defendant against that of plaintiff.

The defendant complains that the judgment and all process founded thereon in this case is irregular, because the *scire facias* did not pursue the mortgage in the description of the property, and it is also erroneously described in the advertisement of the sheriff. The *levari facias* pursues the judgment, and the advertisement accords with the *levari.* The whole is, therefore, regular. We have no power to vacate or set aside the judgment on account of a variance between the property described in the mortgage and the *scire facias.* If the defendant believed such variance injurious to his interests, he should have set it up as a defence at the time of trial, when the *scire facias* could have been amended; it is too late now. Even, if the *levari* varied from the judgment in the particular indicated, it could be amended, and would do the defendant no possible injury if not done. The judgment is conclusive on the parties, and all the subsequent proceedings correctly follow it. The purchasers at sheriff's sale must take all they can buy, and can get no more than the defendant owns, and a mistake in quantity will be no ground for disturbing a sale.

The sheriff advertised this property for sale on Wednesday of the court week, his writ being returnable the previous Monday. The practice had been long sanctioned in this State of selling after the return day of the writ, and such sales have been supported by the Supreme Court (2 Binn. 80; 1 S. & R. 92); and in Blythe *v.* Richards (10 S. & R. 265), Chief Justice Tilghman not only ratifies

[Ryan *v.* Casey.]

the previous decisions, but also says there is no substantial distinction between advertising on or before the return day and adjourning until afterwards, and advertising to sell afterwards. From that time forward we are inclined to believe that the practice has been to advertise a sale any time during the court week.

The commissioners to revise the civil code, in their report, say, that it was not their intention to change the law relative to advertising, but to pursue the act of 1705, which they have done substantially. They, however, provide in terms for selling on the *fi. fa.* when the inquisition is waived, which could not be done previously, and in so providing they direct the sale to be made *before* the return day. I am disposed to believe that it was their intention merely to require the sheriff to sell on the writ, without waiting for a *venditioni;* but in Cash *v.* Tozer (1 W. & S. 526), the Supreme Court gave the act a literal construction, which was probably correct, and refused to support a sale at an after-day. But they do not pretend to touch the case of sales on *venditionies* or *levaries,* consequently they remain as before. The act of 1845 was passed to cure defects in sales, and requires that the same shall be made during the court week. Whether this applies to sales under mortgages, we are not required to decide at present. The advertisement in this case is regular, and sanctioned by a long practice throughout the State, therefore the motion to set aside the proceedings is overruled.

The defendant applies to set-off judgment of April Term, 1858, No. 168, which he obtained against the plaintiff against the judgment on which his property is now advertised as above. The plaintiff objects to this on the ground that he holds two other judgments against the defendants for a much larger sum, against either of which he is willing that the set-off shall be made. That they are both general judgments whilst this is specific, in the nature of a judgment *in rem.* There is no doubt that if the plaintiff was now pursuing his mortgage to obtain a judgment, the defendant's claim would be a proper subject of set-off, whether in its present form of a debt of record, or a mere book account. In Carmalt *v.* Post (8 Watts, 416), the right of set-off against a mortgagee was fully recognized, our court pursuing the decisions in Matthews *v.* Wolmyer (4 Ves. 118), and Williams *v.* Sorrel (Id. 389). The only doubt arises from the principle that this is not a legal set-off under the statute, but one that is merely *equitable,* under the principle that the court will not suffer its process to be used for the collection of a debt where the creditor owes his debtor a like, greater or less sum, evidenced also by a record; and that in the present case there is the want of mutuality. It is very certain that the plaintiff would not be permitted to set off his judgment *in rem* against the general judgment of the defendant, but it may be well doubted whether the plaintiff can lawfully object to

[Hines v. Porter.]

the defendant bringing in his general judgment against one which is more special.  The defendant can renounce a benefit, and waive a superiority in its claim, and asks to do it here, and after the most careful search I am unable to discover any case which precludes him.  The plaintiff further insists that he can only ask to set off on offering to pay the difference.  Although most of the English cases contain such an offer, yet it is nowhere said, that I have discovered, that it is indispensable, or even essential; and where the set-off has been divested by our courts, no such terms are exacted.  It is essential by the rules of the civil law (Pothier on Obligations, 372), but not in the English courts of equity. The debts must all be due and ready for execution at the time, which appears to be the equality required, and it will not be allowed where other equitable rights would be injuriously affected. These are the requisites required by the American decisions. · I am, therefore, of the opinion that the set-off must be allowed, and direct it accordingly.  The other motions of the defendant are overruled.

*Knox, for plaintiff.*

*Boas, for defendant.*